IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

BETTI L. DANCY,

        Plaintiff,

v.                                       CIVIL ACTION NO. 3:07-0138

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**<u>MEMORANDUM ORDER</u>**

      In this action, filed under the provisions of 42 U.S.C. § 1383(c)(3), plaintiff seeks review of the Commissioner's decision denying her application for supplemental security income based on disability prior to February 10, 2001. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

      Plaintiff filed her application on January 12, 2000 alleging disability as a result of open heart surgery, neck surgery, back and joint disease and mental impairments consisting of bipolar disorder, obsessive-compulsive disorder, anxiety and manic depression. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff disabled as of February 10, 2001, her fiftieth birthday, but not before, in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time plaintiff was found disabled, she was fifty years of age and had obtained a high school education. She has no past relevant employment experience. Concluding that, prior to February 10, 2001, plaintiff had the residual functional capacity for the full range of sedentary level work, and relying on Rule 201.21 of the Medical-Vocational Guidelines[1] and the testimony of a vocational expert, the administrative law judge found plaintiff not disabled. On February 10, 2001, when plaintiff turned fifty years of age, Rule 201.12 directed a finding of disabled.

In her brief, plaintiff contends the administrative law judge did not present the vocational expert with a proper hypothetical question because he did not "either discount or explain why he did not accept certain limitations" set forth by examining doctors or those who reviewed the medical reports. More specifically, she refers to mental limitations assessed by state agency medical advisors which, without explanation, were not adopted by the administrative law judge.

The record reveals diagnoses of generalized anxiety disorder and obsessive-compulsive disorder with treatment at Prestera Mental Health Center by a psychiatrist, certified physician's assistant and a therapist from approximately February 3, 1999 through at least October 31, 2000. Panic attacks were also mentioned in the reports from Prestera and from Dr. Savory, plaintiff's primary care physician, who also mentions a diagnosis of bipolar disorder.

The administrative law judge concluded that plaintiff did not have a "severe" mental impairment. In making this finding he noted plaintiff's treatment at Prestera and cited to a November 4, 1999 note that she was getting better and an October 31, 2000 Global Assessment of

---

[1] 20 C.F.R. Part 404, subpart P, Appendix 2, Table No. 1.

2

Functioning ("GAF") of 65[2] as support for his finding. As plaintiff notes, however, the administrative law judge did not make any reference to the Psychiatric Review Technique completed by the state agency reviewing psychologist[3] which contained findings of moderately limited activities of daily living and social functioning and deficiencies of concentration, persistence and pace occurring "often." These evaluators further assessed plaintiff as moderately limited in nine different areas relating to occupational functioning, including, *inter alia*, ability to maintain attention and concentration for extended periods; complete a normal workday or workweek without interference from psychiatric symptoms and perform at a consistent pace; get along, or work in coordination, with co-workers without being distracted by them, distracting them or exhibiting behavioral extremes; accept instructions and respond appropriately to criticism from supervisors; and perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.

Also absent from the administrative law judge's decision is any mention of two statements signed by the treating psychiatrist, physician's assistant and psychologist at Prestera and dated October 11, 1999 and June 9, 2000 which contain their opinions that plaintiff's obsessive-compulsive disorder and generalized anxiety disorder make it difficult for her "to sustain productive work."

As the court pointed out in Arnold v. Secretary of Health, Education and Welfare, 567 F.2d 258, 259 (4th Cir. 1977), "[u]nless the Secretary has analyzed all of the evidence and has sufficiently

---

[2]The GAF represents the clinician's judgment of the individual's level of functioning. A rating of 65 is indicative of some "mild" symptoms or "some" difficulty in social or occupational functioning. See, Diagnostic and Statistic Manual of Mental Disorders, 4th Ed., American Psychiatric Association, 1994 at 30, 32.

[3]This assessment was completed on April 13, 2000 and affirmed by a second psychologist on June 14, 2000.

explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the Court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" See also, Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987). In the absence of any evaluation of these pertinent exhibits, which could establish not only a severe mental impairment but possibly a disabling one, or resolution of the conflicts they raise,[4] the Court is unable to conduct a reasoned review of the Commissioner's decision, and remand will be necessary for further consideration of this evidence. Of course, any additional limitations found must be included in hypothetical questions presented to a vocational expert,[5] as the questions here were vague and bore almost no resemblance to the administrative law judge's ultimate findings.

      Plaintiff also contends that the administrative law judge's credibility assessment was deficient, and the Court agrees. He determined that plaintiff's testimony was "credible to the extent that she would be limited to sedentary work ... ." It is difficult to understand exactly what this conclusion means, and it is noted that, in making this finding, the administrative law judge failed to note or consider evidence supportive of plaintiff's credibility. With regard to mental impairments, the administrative law judge observed plaintiff "noted symptoms of depression and/or anxiety" but then concluded "there were no allegations consistent with the inability to perform the full range of sedentary work." Again, he does not cite any specific testimony in support of this finding, and a review of the hearing transcript indicates otherwise. Similarly, as already noted, the administrative law judge cited no evidence to support or explain his finding relative to the severity of plaintiff's

---

[4] Murphy v. Bowen, 810 F.2d at 437.

[5] See, Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989).

mental impairments. These findings (or the lack thereof) clearly do not satisfy his "'duty of explanation' when making determinations about the credibility of a claimant's testimony." Smith v. Heckler, 782 F.2d 1176, 1181 (4th Cir. 1986). On remand, a reevaluation of plaintiff's credibility will also be necessary.

On the basis of the foregoing, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this Memorandum Order.

The Clerk is directed to mail a copy of this Order to all counsel of record.

ENTER: April 27, 2010

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE